UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

FILED by _RGS_ D.C.
NOV 06 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

BAKER & TAYLOR, INC., a Delaware corporation,

**09-23407**

Plaintiff,

vs.

CAIMAN HOLDINGS, INC., a Florida corporation, CAIMAN HOLDINGS, BVI, and DIDIER PILON,

Defendants.

**CIV-HOEVELER**

MAGISTRATE JUDGE
TURNOFF

## COMPLAINT

Plaintiff Baker & Taylor, Inc. ("Baker & Taylor") sues Caiman Holdings, Inc., Caiman Holdings, BVI (collectively "Caiman Holdings") and Didier Pilon, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action because this is an action for damages between citizens of different states and in which the citizens or subjects of a foreign state are additional parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees, pursuant to 28 U.S.C. § 1332(a).

2. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, pursuant to 28 U.S.C. §1391(b).

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida 33131-1811  305.373.9400

3.  The Defendants are subject to personal jurisdiction in this District because each of the Defendants either: (a) operate, conduct, engage in, or carry on a business or a business venture in this state or have an office or agency in this state; and/or (b) engaged in substantial and not isolated activity within Florida, pursuant to Florida Statutes § 48.193.

## PARTIES

4.  Plaintiff Baker & Taylor is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Baker & Taylor is engaged, in among other things, the Internet "fulfillment" business meaning that it is a supplier of goods and services to companies that fill online (internet) orders for items such as calendars, books, CDs and DVDs, among other items. Plaintiff is the assignee of all rights, title and interests in the account receivables at issue in this case, including the right to sue and to recover damages.

5.  Defendant Caiman Holdings, Inc. is a Florida corporation with its principal place of business in Miami, Florida. Caiman Holdings, Inc. is engaged in selling books, CDs and DVDs through the Internet. Upon information and belief, Caiman Holdings, Inc. sells extensively in Florida and around the world through various websites, including Tower.com and Amazon.com (for whom it is the largest third-party fulfiller of orders). Caiman Holdings, Inc. also maintains goods and premises in Florida.

6.  Defendant Caiman Holdings, BVI is a foreign corporation existing under the laws of the commonwealth of Tortola, British Virgin Islands and conducts business in Florida. Upon information and belief, Caiman Holdings BVI maintains goods and/or

2

premises in Florida.   Upon information and belief, Caiman Holding BVI is the parent corporation, affiliate or alter ego of Caiman Holdings, Inc.

7.   Defendant Didier Pilon is a citizen of Canada who upon information and belief resides in Miami, Florida.  Mr. Pilon is the founder and a former President, officer and, upon information and belief, a current director of Caiman Holdings, Inc. and/or its related entities, who carried out the day-to-day operations of Caiman Holdings, Inc. and upon information and belief, Caiman Holdings, BVI during the relevant period of time.

## GENERAL ALLEGATIONS

8.   Caiman Holdings contracted with Baker & Taylor to fulfill orders of books, CDs or DVDs ordered by Caiman's customers online.

9.   When a consumer ordered a product from Caiman Holdings through its website or other websites, such as Amazon.com, Baker & Taylor would ship the product directly to the consumer or to Caiman Holdings for its eventual delivery to the customers. Baker & Taylor would invoice Caiman Holdings on a regular basis.

10.   On or about October 29, 2003, Caiman Holdings, Inc. executed a credit application for the extension of credit to purchase goods and services from Baker & Taylor (the "Credit Application").  A true and correct copy of the Credit Application is attached as Exhibit 1.  In consideration of the extension of credit by Baker & Taylor, Caiman Holdings, Inc. agreed to be bound by the terms and conditions set forth in the Credit Application.

11.   Pursuant to its terms, the Credit Application was incorporated by reference into any invoices or other documents that evidence Caiman Holdings, Inc.'s payment obligations to Baker & Taylor.  The Credit Application specifically provided, in part:

3

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

> Payment Terms. *All purchases by Applicant of goods and/or services from Baker & Taylor will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing the Applicant's obligations to Baker & Taylor, all of which are incorporate[d] herein by this reference.* The terms and conditions contained herein shall supersede any provisions, terms and conditions contained on any confirmation order, purchase order or any other writing Applicant may give and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof.

Ex. 1 (emphasis added).

12. To induce Baker & Taylor to extend credit to Caiman Holdings, Inc., Didier Pilon, the founder and then-President of Caiman Holdings, Inc. personally guaranteed the payment to Baker & Taylor of all amounts due and owing to Baker & Taylor. See Ex. 1. Mr. Pilon's guarantee stated, in part:

> The undersigned [Didier Pilon] ("Guarantor"), having a financial interest in Applicant and benefitting from the transactions contemplated by this Agreement, hereby personally *guarantees* the payment by Applicant to Baker & Taylor, Inc. (Baker & Taylor) of all amounts due and owing now, and from time to time hereinafter.

*Id.* (emphasis added).

13. In reliance upon Mr. Pilon's personal guaranty, Baker & Taylor approved the Credit Application, sold goods, extended credit and provided services to Caiman Holdings, Inc. and its affiliate and alter ego, Caiman Holdings, BVI.

14. Since 2005, Baker & Taylor sold and delivered to Caiman Holdings approximately $64.4 million worth of goods and services of which at least $8,150,000 remains unpaid. A copy of the detailed statement listing the outstanding invoices is attached as Exhibit 2.

15. Despite demand, Caiman Holdings, Inc. and Caiman Holdings, BVI failed to pay the amounts due and owing.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

16.     On or about September 11, 2008, Plaintiff sued Defendants for their failure to pay these unpaid amounts (Case No.: 08-22530-civ-Graham/Torres). Plaintiff's Complaint asserted various breach of contract claims against the Caiman entities; breach of a credit application against Caiman Holdings, Inc.; failure to pay for goods sold to Caiman Holdings, Inc.; unjust enrichment against both Caiman entities; foreclosure of Baker & Taylor's security interest against Caiman Holdings, Inc.; and to pierce the corporate veil between the Caiman entities. Plaintiff also asserted a claim for breach of a personal guaranty against Didier Pilon.

17.     On July 2, 2009, after several months of negotiation, the parties reached a full and final settlement agreement of this matter. The terms of the settlement agreement were definite and certain and Defendants consented to such terms. Specifically, the parties agreed to the following settlement terms, among others:

(a)     The Caiman entities agreed to pay Baker & Taylor a total sum of $ 4,120,000. The first $1,000,000 would paid within 90 days of the signing of the settlement agreement and the remainder of the settlement agreement would be paid by the Defendant entities in monthly installments of $120,000 for a period of 26 months;

(b)     If any payment due under the agreement was not received in accordance with the terms of the agreement, then upon written notice of default and a ten calendar day opportunity to cure, Defendants agreed that Plaintiff would be immediately entitled to file a claim against Caiman Holdings, Inc. and Caiman Holdings, BVI, jointly and severally, for $6,200,000, less any payments received from the Defendants pursuant to the settlement agreement.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida   33131-1811   305.373.9400

18.     The settlement agreement further provided that Defendants Caiman Holdings, Inc. and Caiman Holdings, BVI agreed to waive any and all defenses, causes of action, counterclaims, cross-claims or set-offs in connection with Plaintiff's claims. Furthermore, in the event Plaintiff had to file suit to enforce of the terms this settlement agreement, counsel for Defendants agreed to accept service of process on behalf of all Defendants.

19.     As to Didier Pilon, the settlement agreement provided that in the event the Defendants failed to cure their breach within the time permitted by the agreement (10 days), Plaintiff could also proceed with its claim against Didier Pilon for $6,200,000.

20.     Defendants failed to make any payments to Plaintiff within 90 days of signing the settlement agreement (by September 30, 2009). Accordingly, on October 2, 2009, Plaintiff provided Defendants with a written notice of default. A copy of the notice of default is attached at Exhibit 3.

21.     To date, none of the Defendants have responded to Plaintiff's demand for payment, nor have Defendants made any payments to Plaintiff as required by the settlement agreement and the default remains uncured.

22.     Baker & Taylor has retained the undersigned law firm to represent it in this action and is obligated to pay its attorneys a reasonable fee for its services.

23.     All conditions precedent to the bringing of this action have been performed, satisfied, waived or excused.

6

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

## COUNT I
### (Breach of Settlement Agreement)
### (Caiman Holdings, Inc. and Caiman Holdings, BVI)

24.  Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

25.  On or about July 2, 2009, Baker & Taylor, Inc. entered into a valid and enforceable settlement agreement with Defendants.

26.  Pursuant to the terms of the settlement agreement, Defendants were required to pay Plaintiff a sum of $1,000,000 within 90 days of the signing of the settlement agreement.

27.  Defendants have breached their obligations under the settlement agreement by, among other thing, failing to pay Plaintiff the sum of one million dollars by September 30, 2009.

28.  Plaintiff provided the Defendants with a written notice of default and a ten day opportunity to cure their breach of the settlement agreement. *See* Ex. 3.  To date, the Defendants have failed to cure their breach.

29  As a result of the Defendants' breach of the settlement agreement, Plaintiff has been damaged.

30.  The settlement agreement further provided that upon failure to cure their breach of the settlement agreement, Defendants Caiman Holdings, Inc. and Caiman Holdings, BVI waived any and all defenses, causes of actions, counterclaims, cross-claims or set-offs in connection with Plaintiff's claim for payment under the settlement agreement.

31.     In light of Defendants breach of the settlement agreement, Defendants Caiman Holdings, Inc. and Caiman Holdings, BVI are jointly and severally liable to Plaintiff in the amount of no less than $6,200,000.

WHEREFORE, Plaintiff Baker & Taylor requests entry of immediate final judgment against Caiman Holdings, Inc. and Caiman Holdings, BVI, jointly and severally, in an amount of no less than $6,200,000, plus prejudgment and post-judgment interest, attorneys' fees, costs, and for any further relief as this Court deems just and proper.

## COUNT II
### (Breach of Personal Guaranty)
### (Didier Pilon)

32.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

33.     On or about October 29, 2003, to induce Baker & Taylor to extend financial credit to Caiman Holdings, Inc., Didier Pilon guaranteed the payment to Baker & Taylor of all amounts due and owing by Caiman Holdings, Inc. to Baker & Taylor. *See* Ex. 1.

34.     Upon information and belief, Defendant Pilon possessed a direct financial interest in Caiman Holdings, Inc. and personally benefited from the extension of credit to Caiman Holdings, Inc.

35.     In light of Caiman Holdings, Inc.'s failure to honor its contractual obligations, Mr. Pilon is now obligated to honor his guarantee.

36.     Defendant Pilon has defaulted on his payment obligations to Baker & Taylor.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

37. Mr. Pilon's guaranty requires Mr. Pilon to pay Baker & Taylor its reasonable attorneys' fees incurred as a result of Caiman Holdings, Inc.'s and Mr. Pilon's defaults.

38. Mr. Pilon's guaranty further provides that Mr. Pilon will pay Baker & Taylor interest at the rate of one and one-half percent (1.5%) per month on any amount Mr. Pilon owes to Baker & Taylor.

WHEREFORE, Plaintiff Baker & Taylor requests judgment against Didier Pilon, in an amount no less than $6,200,000, plus prejudgment and post-judgment interest, attorneys' fees, costs, and for any further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all Counts and as to all issues.

Respectfully submitted,

**BROAD AND CASSEL**
*Attorneys for Plaintiff*
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 373-9400
Fax: (305) 373-9443

By: _____
MARK F. RAYMOND, P.A.
Florida Bar No.: 373397
RHETT TRABAND, P.A.
Fla. Bar No.: 0028894
rtraband@broadandcassel.com
DAVID B. ROSEMBERG
Fla. Bar No.: 0582239
drosemberg@broadandcassel.com

9

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400

03/25/2000  01:05    7043298981                          BAKER TAYLOR                           PAGE 01

Sent By: CAIMAN;                    3052884128;          Oct-30-03 11:42AM;          Page 2

Requested Credit Line $120,000

# CONFIDENTIAL CREDIT APPLICATION

This Confidential Credit Application ("Application") is made to Baker & Taylor Inc. ("Baker &Taylor" or "Seller") for the purpose of inducing Baker & Taylor to extend credit accommodations to the Applicant named below. The issuance of an account number by Baker & Taylor to applicant in order to perform a credit analysis, or the subsequent credit approval of applicant by Baker & Taylor does not constitute Baker & Taylor's agreement to enter into a business relationship with applicant.

**Caiman Holdings Inc.** (Full Legal Business Name)     **305-468-3890** (Business Telephone No.)

**7863 NW 15th Street    Miami, Florida    33126**
(Address)           (City, State)              (Zip Code)

**Sandra@caiman.com**                **305-468-3892**
(Email Address)                      (Fax Number)

**Same As Above**
(P.O. Box for Mailing, if different than above)    (City, State)    (Zip Code)

(Delivery Address, if different than above)    (City, State)    (Zip Code)

**Same As Above**

Trade Name

1. Date Business was started or purchased **3-2002**   Years at this address **1**   State Registration Number **P02000029201**
2. Applicant is a ___ Sole Proprietorship ___ Partnership __X__ Corporation ___ Subchapter S Corporation
3. If Corporation: State of Incorporation **FL**   Date **March 18, 02**   Federal Tax No. **41-302-2222**
4. Is Applicant Tax-Exempt? ___ YES __X__ NO   (IF YES, APPLICANT MUST COMPLETE SALE TAX EXEMPTION CERTIFICATE OR TAX WILL BE CHARGED)

5. Is Applicant or business affiliated with any other?  YES ☐   NO ☐

If Yes, give company name and address _____

6. Have you ever been involved in bankruptcy?  YES ☐   NO ☐

If Yes, Company Name and Address _____

7. The Principals (Owners, Partners, Shareholders and Officers) of Applicant are (If Proprietorship, Provide Information for Owner(s); If Partnership, provide Information for all partners)

A. **Didier Pilon**     **President**            **5805 Blue Lagoon Dr #10 Miami Fl 33126**
   (Name)              (Business Title)         (Residence Address & Telephone No.)

   **dpilon@caiman.com**     **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**
   (E-mail Address)          (Social Security No.)    (% Ownership of Stock or Business)

B. _____     _____         _____
   (Name)              (Business Title)         (Residence Address & Telephone No.)

   _____    _____          _____
   (E-mail Address)    (Social Security No.)    (% Ownership of Stock or Business)

C. _____     _____         _____
   (Name)              (Business Title)         (Residence Address & Telephone No.)

   _____    _____          _____
   (E-mail Address)    (Social Security No.)    (% Ownership of Stock or Business)

8. Name of Person to discuss financial issues: **Didier Pilon**   **305-468-3890**   **dpilon@caiman.com**
                                                                  (Telephone No.)     (E-mail Address)

9. Business Fiscal Close is: _____   Copy of Applicant's Current Financial Statements are Attached: YES ☐
   (Note: Financial Statements will be held strictly "Confidential")

10. Name of Accounts Payable Manager/Supervisor: **Sandra Rodriguez**   **305-468-3890**   **Sandra@caiman.com**
                                                                         (Telephone No.)    (E-mail address)

11. Listed in Dun and Bradstreet:  YES ☐   NO ☒   D-U-N-S® Number _____

12. Business volume anticipation per calendar quarter:
    1st ____   2nd ____   3rd ____   4th ____   or Annual Sales ____

Exhibit 1

13. Are you interested in Ordering electronically: YES ☒  NO ☐   Electronic Billing: YES ☐  NO ☐

If Yes, (Name of Person to contact and Title)        (Telephone No.)        (E-mail Address)

14. Applicant's Bank References: (Please complete the additional page of this application)

HSBC National Bank  S South Biscayne Blvd. 20th Floor Miami  Tulio Posada
(Business: Name)         (Address)                                    (Loan Officer)

158-711465     305 539-4774.                         805 539-4770.
(Account Number)     (Telephone Number)                  (Fax Number)

Personal: (Name)      (Address)                              (Loan Officer)

(Account Number)     (Telephone Number)         (Fax Number)

15. Supplier References:

MSI Home.  36009.  14620 NW 60th Ave. Miami  305-424-6736  305 620-2882
(Name)   (A/C #)    (Address)             (Telephone Number)   (Fax Number)

Vavanne Corp. 7703584-00001  7400 49th Ave N. New Hope, MD.  963-971-2875 PA
                                                             763-555-0841 FAX
(Name)   (A/C #)    (Address)             (Telephone Number)   (Fax Number)

Axiom, Inc.  640 Rue Saint Paul Dept - Montreal Canada 614-223-4811
(Name)   (A/C #)    (Address)             (Telephone Number)   (Fax Number)

AE OneStop Group 025704  4250 Coral Ridge Dr. Coral Springs, FL 954-255-4628 / 954-255-4014
(Name)   (A/C #)    (Address)             (Telephone Number)   (Fax Number)

16. Outstanding Loans Made to Applicant:

None

(Name of Creditor) (Type) (Original Amount) (Present Amount Due) (Monthly Pymt.) (Security)

(Name of Creditor) (Type) (Original Amount) (Present Amount Due) (Monthly Pymt.) (Security)

## TERMS

In consideration of the extension of credit by Baker & Taylor to Applicant, Applicant agrees to the following terms and conditions:

1. **Credit Line.** Upon approval of this application, Baker & Taylor, in its sole discretion, will assign Applicant a maximum credit line and shall have the right to increase, decrease, or terminate Applicant's credit privileges under this Application at any time without prior notice to Applicant, except as otherwise provided by law.

2. **Payment Terms.** All purchases by Applicant of goods and/or services from Baker & Taylor will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing the Applicant's obligations to Baker & Taylor, all of which are incorporated herein by this reference. The terms and conditions contained herein shall supersede any provisions, terms and conditions contained on any confirmation order, purchase order or any other writing Applicant may give and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof. No agent, salesman, or any other person has any authority to obligate Baker & Taylor with regard to any terms or conditions not contained herein. No terms and conditions contained herein may be modified, changed or amended, or any provisions waived by Baker & Taylor, unless in writing, duly signed by an authorized officer of Baker & Taylor. Any terms and conditions not contained herein, whether contained on any confirmation order, purchase order or any other writing the Applicant may give, unless agreed to in writing by an authorized officer of Baker & Taylor, shall be deemed to be void and of no force and effect. The parties agree that this Agreement shall be governed by the laws of the state of North Carolina, without regard to choice of law principles or any other applicable provisions.

3. **Payment.** Payment of the purchase price for goods and/or services acquired from Baker & Taylor shall be made in pursuant to the terms set forth on each invoice, and Applicant agrees to pay all charges according to the payment terms established in said invoice. The entire outstanding balance due to Baker & Taylor on all invoices shall become due in full immediately upon default in the payment of any invoice. Applicant agrees to pay interest in the amount of 18% per annum, or the highest rate permitted by law, whichever is less, on any payment considered past due until collected.

4. **Costs of Collection.** Applicant agrees to pay all costs of collection incurred by Baker & Taylor, including reasonable attorneys' fees and expenses, should a default in payment or any any other obligation of Applicant occur.

5. **Changes in Status.** Applicant agrees to keep Baker & Taylor informed of any changes in business  legal name, business status or ownership of the business.

6. **Taxes.** Applicant agrees to pay all federal, state, city and local use, sales, excise, receipts, and similar taxes applicable to the sale or use of the merchandise sold to Applicant. Applicant shall provide to Baker & Taylor a copy of its resale certificate.

7. **Delays.** Baker & Taylor will not be liable for any delay in the performance of orders received from Applicant, or in the delivery of shipment of merchandise, or for any damages suffered by the Applicant by reason of such delay.

8. **Delay in Payment.** In the event of any default or delay in the payment of Applicant's obligations under any Baker & Taylor invoice or in the payment of any obligations under other agreements with Baker & Taylor, or whenever in the judgment of Baker & Taylor, Applicant may be unwilling or unable to make timely payment to Baker & Taylor, or if Baker & Taylor in good faith believes that the prospect of payment or performance by Applicant is impaired, then all obligations incurred by Applicant may, at the option of Baker & Taylor, become immediately due and payable. Failure by Baker & Taylor to assert this right will not be a waiver thereof.

03/25/2000  01:05    7043298981                      BAKER TAYLOR                           PAGE  03

Sent By: CAIMAN;                     3052664128;           Oct-30-03 11:43AM;         Page 4/6

**9. Baker & Taylor's Security Interest.** As security for the prompt payment and performance of all indebtedness and any other liabilities or obligations of the Applicant to Baker & Taylor, direct or indirect, absolute or contingent, whether now or hereafter arising, regardless of the form of such indebtedness, together with interest thereon and any renewals or extensions thereof, and whether such indebtedness is from time to time reduced and thereafter increased, or entirely extinguished and thereafter reincurred, together with any costs and expenses of enforcement and attorneys' fees and costs and expenses relating to any of the foregoing Applicant hereby grants to Baker & Taylor a continuing security interest in all of the following personal property: All of Applicant's inventory and other goods, including without limitation books, videos, compact discs, DVDs, and audio products distributed, consigned or sold by Baker & Taylor, wherever located, now owned, held or hereafter acquired, and all proceeds therefrom. Applicant hereby authorizes Seller to prepare and/or file and/or add additional information as it becomes available, or otherwise transmit any and all records, including but not limited to writings or other written documents, if applicable, which Secured Party in its sole discretion shall deem necessary to create and perfect a security interest consistent with this grant of security interest or with any future grant of a security interest authenticated by Applicant. Applicant understands and agrees that by executing this agreement, Applicant has hereby authenticated (as that term is defined in the applicable commercial code) this agreement as a record and authorizes Seller to (1) prepare and file such record(s) without the signature of Applicant, (2) file such financing statement or writing bearing any general, generic or super generic description of the Collateral authorized by the applicable code and (3) to file any future records which shall hereby be deemed authenticated (as defined in the applicable commercial code) by Applicant.

**10. Limited Warranty.** Baker & Taylor warrants only that the merchandise sold to Applicant is free from defects in materials and workmanship. Baker & Taylor's obligation under this warranty shall be limited to replacing the merchandise or crediting Applicant pursuant to Baker & Taylor's current credit policies with respect to returned merchandise upon return of the defective merchandise to Baker & Taylor. Under no circumstance shall Baker & Taylor be obligated for consequential or other damages, losses, or expenses in connection with such defective merchandise.

THE WARRANTY CONTAINED HEREIN IS EXCLUSIVE AND EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, WRITTEN, ORAL, IMPLIED OR STATUTORY, INCLUDING BUT NOT LIMITED TO EXPRESS OR IMPLIED WARRANTIES OR MERCHANTABILITY OR OF FITNESS. IN ADDITION, Baker & Taylor SHALL NOT BE LIABLE FOR LOSS, DAMAGE OR INJURY OF ANY NATURE, WHETHER DIRECT OR INDIRECT, CONSEQUENTIAL OR INCIDENTAL, IN CONNECTION WITH OR RESULTING FROM USE OF MERCHANDISE.

Applicant shall not be permitted to extend Baker & Taylor warranty contained herein to any person on Baker & Taylor's behalf, and Baker & Taylor assumes no obligation or liability, and authorizes no other person to assume for it any obligation or liability, other than its obligation to Applicant contained herein.

**11. Controlling Provisions.** The terms and conditions contained herein shall supersede any provisions, terms and conditions contained on any confirmation order, purchase order or any other writing the Applicant may give, and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof. No agent, salesman or any other person has any authority to obligate Baker & Taylor with regard to any terms or conditions not contained herein. No terms and conditions contained herein may be modified, changed or amended, or any provision waived by Baker & Taylor, unless in writing duly signed by an authorized officer of Baker & Taylor. Any terms and conditions not contained herein, whether contained on any confirmation order, purchase order, or any other writing the Applicant may give, unless agreed to in writing signed by an authorized employee of Baker & Taylor, shall be deemed to be void and of no force and effect.

**12. Cancellation.** An order once placed with and accepted by Baker & Taylor can be canceled only with Baker & Taylor's written consent. Baker & Taylor may elect to cancel any order or portions thereof, although previously accepted by Baker & Taylor.

**13. Returned Merchandise.** Any returns will only be accepted in keeping with Baker & Taylor return policies.

Applicants hereby certifies that the information furnished under this Application and any other financial statements furnished in connection herewith, is true and correct and that this information is being furnished to Baker & Taylor for the purpose of inducing Baker & Taylor to extend conditions contained in this Application and all invoices and other documents furnished by Baker & Taylor from time to time, all of which are incorporated herein by reference. Applicant understands that Baker & Taylor will retain this Application whether or not it is approved. Applicant hereby authorizes Baker & Taylor to check Applicant's credit history and trade and bank references for customary credit information, to confirm the information contained on this Application and to release information to other creditors regarding Applicant's credit experience with Baker & Taylor.

APPLICANT: _____ (Full Firm Name)

By Authorized Agent:

_____  Title _President___  Date _10/29/2003_
(Signature)

Note: NO NEW ACCOUNTS WILL BE OPENED WITHOUT A SALES TAX RESALE CERTIFICATE. REMEMBER TO COMPLETE AND SIGN THE RESALE TAX CERTIFICATE ATTACHED, OR ENCLOSE A COPY OF AN EXISTING ONE.

Notice: The Federal Equal Opportunity Act prohibits creditors from discriminating against Credit Applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the Applicant has the capacity to enter into a binding contract); because all or part of the Applicant's income derives from any public assistance program; or because the Applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with the law concerning this credit is the Federal Trade Commission, Division of Credit Practices, 6th and Pennsylvania Avenue, NW, Washington, D.C. 20580.

```
03/25/2000  01:05   7043298981              BAKER TAYLOR              PAGE   04
Sent By: CAIMAN;              3052864128;      Oct-30-03 11:44AM;     Page 5/6
```

## SALES TAX RESALE CERTIFICATE

This resale tax certificate must be submitted for every state in which there are ship-to locations, and will be valid unless cancelled by Baker & Taylor, Inc. or revoked by the State.

1. Didier Pilon (Purchaser's Name) hereby certifies that he/she holds a valid state sales tax resale certificate.

2. Purchaser's Address: 7863 NW 164th Street
   City/State/Zip: Hialeah FL 33126

3. Resale Certificate Number for each "Ship-to" State. (Show the 2 digit State code)

| State | Retail Certificate Number | State | Retail Certificate Number |
|---|---|---|---|
| FL | 23-80-129336-53-1 | | |

4. Business of Purchaser:   ☐ Book Sales        ☐ Video/Music Sales
5. Products Purchased:      ☒ Book Sales        ☒ Video/Music Sales

Undersigned hereby certifies that all purchases are for the purposes of resale and that in the event any of the aforesaid property is used for any purpose other than resale, the undersigned shall, as required by the Sales and Use Tax Law, report and pay tax measured by the purchase price of such property or other authorized amount.

7. Authorized Signature: [signature] Accounting Manager   Date: 10/27/03
   (Owner, Officer, Authorized person)   (Title)

### PERSONAL GUARANTY

The undersigned Didier Pilon ("Guarantor"), having a financial interest in Applicant, and benefiting from the transactions contemplated by this Agreement, hereby personally guarantees the payment by Applicant to Baker & Taylor, Inc. ("Baker & Taylor") of all amounts due and owing now, and from time to time hereafter ("Liabilities") from Applicant to Baker & Taylor. Guarantor expressly waives notice from Baker & Taylor of its acceptance and reliance on this personal guaranty, notice of sales made to Applicant, and notice of default by Applicant. The obligations of Guarantor hereunder shall not be affected, excused, modified or impaired upon the happening, from time to time of any event. No set-off, counter-claim or reduction of any obligation, or any defense of any kind or nature which the Guarantor has or may have against Applicant or Baker & Taylor, shall be available hereunder to the Guarantor against Baker & Taylor. In the event of a default by Applicant on its obligation to Baker & Taylor, Baker & Taylor may proceed directly to enforce its rights hereunder and shall have the right to proceed first against Guarantor, without proceeding with or exhausting any other remedies it may have. The undersigned further agrees that to the extent that Applicant makes a payment or payments to Baker & Taylor, which payments, or any part thereof, are subsequently invalidated, declared to be fraudulent or preferential, set-aside or required to be repaid to Applicant, its estate, trustee, receiver, or any other party under any bankruptcy law, federal law, common law, or equitable cause, then to the extent of such payment or repayment, the Liabilities or portion thereof which has been paid, reduced, or satisfied by such amount be repaid shall be reinstated as of the date such initial payment, reduction or satisfaction occurred. The undersigned does hereby acknowledge that he or she may have the rights of indemnification, contribution reimbursement or exoneration from the Applicant if the undersigned assumes or performs his or her obligations under this Guaranty. The undersigned understands the benefits of such rights. These benefits include, but are not limited to, (i) the undersigned's right to reimbursement from the Applicant of all money spent from the undersigned's performance of its obligations under the Guaranty, and (ii) the undersigned's right to succeed to any position held by Baker & Taylor, after the undersigned has fulfilled its obligations under this Guaranty. The undersigned, in further consideration of Baker & Taylor extending financial accommodations to Applicant, however, knowingly and voluntarily waives and relinquishes any right of indemnification, contribution, reimbursement, and exoneration from Applicant, which may arise. Guarantor agrees to pay all costs, expenses, and fees, including reasonable attorney's fees, which may be incurred by Baker & Taylor in enforcing this personal guaranty or protecting its rights following any default on the part of the Guarantor. Guarantor agrees that an interest charge of one and one-half (1½ %) percent per month, or the highest rate permitted by law, whichever is less, shall be accessed on any amount due and owing to Baker & Taylor by Guarantor under this personal guaranty until collected. This personal guaranty shall be binding upon Guarantor, the Guarantor's heirs, successors, assigns, and representatives and survivors, and shall inure to the benefit of Baker & Taylor, its successors and assigns, and may be assigned by Baker & Taylor without notice to the undersigned. If executed by more than one, the obligations of the undersigned shall be joint and several and all references to the singular shall be deemed in the plural.

Didier Pilon          _____          FL 33126,         10/29/2003
(Print Name)          (Address)        (City, State, Zip)  (Date)
[signature]
(Signature)

_____      _____          _____           _____
(Print Name)          (Address)        (City, State, Zip)  (Date)

(Signature)

CAIMAN ACCOUNT ANALYSIS

### 70151378 - Bulk ENT

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| ADVERTISING CR | 0.00 | (10,830.85) | 0.00 | 0.00 | 0.00 | (10,830.85) |
| CO-OP | 0.00 | 0.00 | 0.00 | 0.00 | 1,810.00 | 1,810.00 |
| CUST SVC CLEARED | 0.00 | (388.47) | (196.03) | (222.13) | 0.00 | (806.63) |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 19,116.35 | 19,116.35 |
| FRT | 0.00 | 247.97 | 893.79 | 0.00 | 121.76 | 1,263.52 |
| OPEN INV | 2,282,987.39 | 1,069,441.34 | 3,714.71 | 4.60 | 30,458.33 | 3,386,606.37 |
| PRICING | 6,900.37 | 5,309.51 | 191.01 | 1,108.31 | 2,822.50 | 16,331.70 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 129,288.02 | 129,288.02 |
| RT CR | 0.00 | (217,487.63) | (6,083.21) | (16,109.01) | (81,534.35) | (321,214.20) |
| RT DB | 217,400.89 | 20,557.01 | 2,755.09 | 6,760.24 | 146,569.05 | 394,042.28 |
| SH CR | 0.00 | 0.00 | 0.00 | (447.36) | 0.00 | (447.36) |
| SH DB | 5,380.70 | 8,456.61 | 2,792.95 | 11,378.28 | 128,035.76 | 156,044.30 |
| UNAPPLIED | 0.00 | 0.00 | 0.00 | (54,626.24) | (1,655.98) | (56,282.22) |
| Grand Total | 2,512,669.35 | 875,305.49 | 4,068.31 | (51,705.95) | 374,584.08 | 3,714,921.28 |

### 70153229 - Entertainment

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| CUST SVC CLEARED | 0.00 | 0.00 | 0.00 | (318.09) | (442.15) | (760.24) |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 3,671.56 | 3,671.56 |
| FRT | 233.95 | 37.23 | 4.83 | 0.00 | 0.00 | 276.01 |
| OPEN INV | 7,639.55 | 2,165.79 | 0.00 | 0.00 | 10,248.56 | 20,053.90 |
| PRICING | 260.76 | 6,301.95 | 21.83 | 198.74 | 4,025.19 | 10,808.47 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 148,187.92 | 148,187.92 |
| RT CR | 0.00 | 0.00 | 0.00 | 0.00 | (33,818.59) | (33,818.59) |
| RT DB | 0.00 | 25,377.65 | 276.97 | 94,940.24 | 140,655.13 | 261,249.99 |
| SH CR | 0.00 | 0.00 | 0.00 | (20.79) | (2,461.88) | (2,482.67) |
| SH DB | 735.95 | 5,492.54 | 3,050.81 | 6,988.78 | 172,741.40 | 189,009.48 |
| SHORT PAYS | 289.11 | 0.00 | 0.00 | 0.00 | 25,429.93 | 25,719.04 |
| UNAPPLIED | 0.00 | 0.00 | (10.53) | (77.49) | (54,342.02) | (54,430.04) |
| Grand Total | 9,159.32 | 39,375.16 | 3,343.91 | 101,711.39 | 413,895.05 | 567,484.83 |

### T5666215 - Books

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 15,442.44 | 15,442.44 |
| FRT | 0.00 | 0.00 | 0.00 | 3,146.19 | 0.00 | 3,146.19 |
| OPEN INV | 939,898.93 | 745,972.05 | (117.38) | (15.77) | 71,412.77 | 1,757,150.60 |
| PRICING | 58,887.66 | 18,203.65 | 4,586.14 | 10,431.61 | 11,324.77 | 103,433.83 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 77,728.89 | 77,728.89 |
| RT CR | 0.00 | (102,806.04) | (2,085.55) | (5,407.21) | (145,462.35) | (255,761.15) |
| RT DB | 66,512.71 | 3,943.66 | 17,790.56 | 344.53 | 108,311.80 | 196,903.26 |
| SH DB | 34,188.68 | 1,832.01 | 24,324.94 | 2,391.49 | 81,227.01 | 143,964.13 |
| SHORT PAYS | 6,138.07 | 0.00 | 0.00 | 0.00 | 1,296.62 | 7,434.69 |
| UNEARNED DISC | 0.00 | 4,246.45 | 2,000.00 | 0.00 | 17,396.77 | 23,643.22 |
| UNAPPLIED | 0.00 | 0.00 | 0.00 | 0.00 | (97,385.16) | (97,385.16) |
| Grand Total | 1,105,626.05 | 671,391.78 | 46,498.71 | 10,890.84 | 141,293.56 | 1,975,700.94 |

Exhibit 2

### 70153645 - Domestic CDF

CAIMAN - ACCOUNT SUMMARY                                      Page 1

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 139,983.37 | 215,132.34 | 55,071.17 | 0.00 | 194,281.82 | 604,468.70 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 149,985.67 | 149,985.67 |
| RT CR | 0.00 | (119.75) | (40.66) | 0.00 | (173.07) | (333.48) |
| SHORT PAYS | 261.11 | 22,505.74 | 32.26 | 0.00 | 0.00 | 22,799.11 |
| UNAPPLIED | 0.00 | 0.00 | (1,288.36) | (321.06) | 0.00 | (1,609.42) |
| Grand Total | 140,244.48 | 237,518.33 | 53,774.41 | (321.06) | 344,094.42 | 775,310.58 |

### 70153647 - INT'L CDF

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 498,254.60 | 838,154.12 | 62,141.84 | 47,996.08 | 329,081.47 | 1,775,628.11 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 76,214.13 | 76,214.13 |
| RT CR | 0.00 | (867.56) | (276.05) | (841.42) | (33.26) | (2,018.29) |
| SHORT PAYS | 20.15 | 10,678.44 | 0.00 | 2,521.58 | 6,528.88 | 19,749.05 |
| UNAPPLIED | 0.00 | (124,437.23) | (557.10) | (311.60) | (14,445.59) | (139,751.52) |
| Grand Total | 498,274.75 | 723,527.77 | 61,308.69 | 49,364.64 | 397,345.63 | 1,729,821.48 |

### J0010407 - JA MAJORS

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 1,645.85 | 3,689.33 | 8,311.22 | 11,225.49 | 16,743.72 | 41,615.61 |
| RT CR | 0.00 | 0.00 | 0.00 | 0.00 | (2,624.62) | (2,624.62) |
| RT DB | 0.00 | 0.00 | 0.00 | 0.00 | 8,089.80 | 8,089.80 |
| UNAPPLIED | 264.66 | 0.00 | (14,588.49) | (5,084.07) | (11,491.89) | (30,899.79) |
| Grand Total | 1,910.51 | 3,689.33 | (6,277.27) | 6,141.42 | 10,717.01 | 16,181.00 |

**8,779,420.11  Total for all Accts.**

SUMMARY



**BROAD AND CASSEL**
ATTORNEYS AT LAW

ONE BISCAYNE TOWER, 21ST FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-1811
TELEPHONE: 305.373.9400
FACSIMILE: 305.373.9443
www.broadandcassel.com

DAVID B. ROSEMBERG, ESQ.
DIRECT LINE: 305-373-9437
DIRECT FACSIMILE: 305-995-6433
EMAIL: drosemberg@broadandcassel.com

October 1, 2009

**HAND DELIVERY**

Caiman Holdings BVI
c/o Lawrence R. Heller, Esq.
Gilbride, Heller & Brown PA
One Biscayne Tower, 15th Floor
2 South Biscayne Boulevard
Miami, Florida 33131

Caiman Holdings, Inc.
Didier Pilon
c/o Arthur Spector, Esq.
Berger Singerman
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301

Re: Notice of Default

Gentlemen:

Reference is made to the Settlement Agreement between Baker & Taylor, Inc. and Caiman Holdings, Inc., Caiman Holdings, BVI and Didier Pilon dated July 2, 2009.

This letter shall constitute notice of default under the Settlement Agreement for failure to make payment of One Million Dollars ($1,000,000) on a timely basis as provided in Paragraph 1 of the Settlement Agreement. This notice is given in accordance with Paragraph 1 of the Settlement Agreement which permits a ten (10) calendar day opportunity to cure period after this notice is deemed given on the date hereof. Accordingly, the Defendants shall have until October 12, 2009 to make payment of One Million Dollars ($1,000,000) in full. In the event this payment is not made in full by October 12, 2009, the Plaintiff shall exercise any and all remedies available to it at law or equity in accordance with the terms and conditions of the Settlement Agreement.

Very truly yours,

David B. Rosemberg

DBR:vcc

4834-0335-2068.1
41980/0001

BOCA RATON • DESTIN • FT. LAUDERDALE • MIAMI • ORLANDO • TALLAHASSEE • TAMPA • WEST PALM BEACH

Exhibit 3

≈JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by PGS D.C.

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### I. (a) PLAINTIFFS
Baker & Taylor

09-23407

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Rhett Traband, P.A.
Broad and Cassel, 2 South Biscayne Blvd., 21st Floor, Miami, FL 33131
(305) 373-9400

### DEFENDANTS
Caiman Holdings, Inc., Caiman Holdings, BVI and Didier Phon

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

Lawrence Heller

CIV-HOEVELER  MAGISTRATE JUDGE TURNOFF

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
✓ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ✓ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ■ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ✓ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC.1332(a)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  11/6/09

FOR OFFICE USE ONLY

AMOUNT $350.    RECEIPT # 1011554

11/06/09