UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-23407-CIV-GRAHAM/TURNOFF

BAKER & TAYLOR, INC., a Delaware
corporation,

        Plaintiff,

vs.

CAIMAN HOLDINGS, INC., a Florida
corporation, CAIMAN HOLDINGS, BVI,
and DIDIER PILON,

        Defendants.

_____/

**PLAINTIFF BAKER & TAYLOR'S SUMMARY
OF PRIOR LAWSUIT AND SETTLEMENT**

On February 24, 2010, the Court held a telephonic status conference *sua sponte* and raised concerns about the procedural posture of this action. The Court permitted Plaintiff Baker & Taylor, Inc. ("Baker & Taylor") to file this summary to address those concerns.

**SUMMARY**

Baker & Taylor initially filed suit on September 11, 2008 against Caiman Holdings, Inc., Caiman Holdings, BVI and Didier Pilon under Case No. 08-22530 Civ-Graham/Torres. Baker & Taylor sued Defendants for their failure to pay over $8 million, which was the balance remaining unpaid for the sale of approximately $64 million in merchandise shipped to the Caiman entities since 2005. Baker & Taylor's Complaint asserted various breach of contract claims against the Caiman entities and a claim for breach of a personal guaranty against Didier Pilon.

During the brief discovery period that took place in the initial lawsuit, Baker & Taylor and the Caiman entities exchanged more than one million pages of documents relating to

transactions between the parties that covered a period of more than 4 years and involved more than one hundred thousand separate business transactions.  Baker & Taylor did not conduct any discovery as to Didier Pilon because it had been unable to effectuate service of process upon Mr. Pilon until his surprise appearance at a settlement conference on April 6, 2009.

During that settlement conference, the parties agreed in principle to settle their disputes for a payment by the Defendants to Baker & Taylor of a total sum of $4,120,000.  The parties also agreed to exchange mutual releases and to dismiss the lawsuit upon Caiman entities' payment of the full settlement amount.  At that meeting, the parties agreed that if the matter could not be settled, the parties would litigate all matters and would cooperate in extending any dates in that action, as both parties were nearing deadlines set forth in the Court's Scheduling Order.

On July 2, 2009, after several months of negotiation delay and recalcitrance by Defendants, the parties reached a full and final settlement agreement of the matter.  Specifically, the parties agreed to the following settlement terms, among others:

(a) The Caiman entities agreed to pay Baker & Taylor a total sum of $ 4,120,000.  The first $1,000,000 would paid within 90 days of the signing of the settlement agreement and the remainder of the settlement agreement would be paid by the Defendant entities in monthly installments of $120,000 for a period of 26 months;

(b) If any payment due under the agreement was not received in accordance with the terms of the agreement, Defendants agreed that Plaintiff would be immediately entitled to file a claim against Caiman Holdings, Inc. and Caiman Holdings, BVI, jointly and severally, for $6,200,000, less any

payments received from the Defendants pursuant to the settlement agreement.

The settlement agreement further provided that Defendants Caiman Holdings, Inc. and Caiman Holdings, BVI agreed to waive any and all defenses, causes of action, counterclaims, cross-claims or set-offs in connection with Plaintiff's claims.  Furthermore, in the event Plaintiff had to file suit to enforce of the terms this settlement agreement, counsel for Defendants agreed to accept service of process on behalf of all Defendants.  Importantly, as to Didier Pilon, the settlement agreement provided that in the event the Defendants failed to cure their breach within the time permitted by the agreement (10 days), Plaintiff could also proceed with its claim against Didier Pilon for $6,200,000.

Although the parties to the settlement agreement sought to stay the Initial lawsuit action pending completion of the payments, on July 29, 2009, the Court *sua sponte* ordered the parties to file a stipulation of dismissal.  The initial lawsuit was subsequently dismissed without prejudice.

Defendants failed to make any payments to Plaintiff within 90 days of signing the settlement agreement (by September 30, 2009).  Accordingly, on November 6, 2009, in accordance with the agreed-upon terms of the settlement agreement, Baker & Taylor filed the instant lawsuit against the Defendant entities for their breach of the settlement agreement, and against Didier Pilon for his breach of his personal guaranty.  Although Plaintiff could have sought to reopen the Initial lawsuit to move to compel enforcement of the settlement agreement, Plaintiff decided to open a new action for two reasons:

First, the settlement agreement appeared to require the filing of a new action, and the settlement agreement contemplated service of process.  Specifically, paragraph 4 of the

settlement agreement provides that "[i]n the event of any such breach that is not cured by Defendants . . . Plaintiff will have the right to proceed with its claims against Pilon for $6.2 million . . . In the event Plaintiff has to re-file an amended complaint, counsel for Defendants agrees to accept service on behalf of all Defendants."

Second, Plaintiff was uncertain if the initial lawsuit could be reopened for the purpose of initiating a Complaint against Pilon for breach of guaranty.

In the event that this Court determines that the instant lawsuit should proceed as a motion to enforce settlement agreement in the initial lawsuit, as well as its individual claims against Didier Pilon, Plaintiff hereby requests that this action be consolidated with the initial lawsuit and that the case not be delayed.

BROAD AND CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305.373.9437
Facsimile:  305.995.6433


By: /s/ David B. Rosemberg
Rhett Traband, P.A.
Florida Bar No.: 28894
David B. Rosemberg, Esq.
Florida Bar No.: 0582239

*CASE NO.: 09-23407-CIV-GRAHAM/TURNOFF*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ David B. Rosemberg      
David B. Rosemberg, Esq.

## **SERVICE LIST**

**Rene Devlin Harrod, Esq.**
Berger Singerman P.A.
350 E. Las Olas Blvd.
Fort Lauderdale, FL 33301
Tel:  954.525.9900
Fax:  954.523.2872
*(via facsimile and U.S. Mail)*

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400
5